

**SOUTHERN HEALTH PARTNERS**

3712 Ringgold Rd., #364
Chattanooga, TN 37412

Phone: 423•553•5635
Fax: 423•553•5645
Email Address: SHPHealth@AOL.COM

# FAX TRANSMITTAL

*Confidential Transmission by SHP*

TO:     Elizabeth Mason, Esquire     Fax 513-732-8171

FROM:   Jennifer Hairsine, Vice President

DATE:   5/10/04

PAGES:  __1__, includes cover page
        *(if you have not received all of the pages, please contact me immediately)*

RE:     Mark A. Henry v. Clermont Co, et al.

Dear Ms. Mason:  As per our telephone conversation, our company will be providing defense on behalf of Dr. Khan, who is our independent contract at the Clermont County Jail medical unit, and one of the named defendants of the above matter.  Dr. Khan has not yet received notice of service on this matter.

At this time, we agree with the assessment of having the matter removed to Federal Court.

Should you need any further information, please feel free to contact me directly at 423-553-5635 ext. 11.  Thank you.



EXHIBIT 1

SHP Fax Transmittal

*SHP…Your Partner in Affordable Inmate Healthcare*

Page: 1

IN THE COURT OF COMMON PLEAS
CLERMONT COUNTY, OHIO

2004 MAY -5 PM 2:03

| | |
|---|---|
| MARK A. HENRY<br>P.O. Box 442<br>Owensville, Ohio 45160 : | Case No. 04CVH616 |
| Plaintiff : | |
| -vs- : | (Judge Ringland ) |
| CLERMONT COUNTY, OHIO<br>101 East Main Street<br>Batavia, Ohio 45103 : | |
| CLERMONT COUNTY COMMISSIONERS :<br>R. Scott Croswell, Robert L.<br> Proud and Mary C. Walker :<br>101 East Main Street<br>Batavia, Ohio 45103 : | **COMPLAINT WITH JURY DEMAND** |
| ALBERT J. RODENBERG, JR. :<br>in his official capacity only<br>Clermont County Sheriff :<br>4470 State Rt. 222<br>Batavia, Ohio 45103 : | |
| RASHID KHAN, M.D. :<br>4700 Filager Road<br>Batavia, Ohio 45103 : | |
| JOHN DOE ONE :<br>Identity and Address Unknown | |
| JANE DOE ONE :<br>Identity and Address Unknown | |
| Defendants : | |

1.  This is a civil action for medical malpractice and the violation of Plaintiff's civil rights based upon the inadequate medical care provided by Defendants while Plaintiff was an inmate at the Clermont County jail from August through November 2002.

1

2004 CVH
00616
00032481025
COMP

EXHIBIT
2

## JURISDICTION AND VENUE

2. Jurisdiction and Venue is proper in this action because all of the relevant acts and omissions giving rise to Plaintiff's claims occurred in Clermont, County, Ohio.

## PARTIES

3. Plaintiff Mark A. Henry is and was a citizen of the United States of America and a resident of Clermont County, Ohio at all times relevant to this Complaint.

4. Defendant Clermont County, Ohio (hereinafter "County") is a political subdivision organized under the laws of the State of Ohio.

5. Defendants R. Scott Croswell, Robert L. Proud, and Mary C. Walker are the duly elected Commissioners of Clermont County, Ohio and are being sued in their official capacities only.

6. Defendant Albert J. Rodenberg, Jr. is and was the duly elected Sheriff of Clermont County, Ohio at all times relevant to this Complaint. Sheriff Rodenberg is being sued in his official capacity only.

7. Defendant Rashid Khan, M.D., was employed by contract with the County to provide medical care to inmates at the Clermont County jail during the months of August, September, October and November 2002, and was personally responsible for directing and providing the medical of Plaintiff Mark Henry during that period. Dr. Khan, by virtue of his contractual relationship with the County, is a state actor.

2

8. Defendant John Doe One is an individual or entity, identity and address currently unknown to Plaintiff, who provided medical care to Plaintiff and/or owed a duty of providing medical care to Plaintiff in the Clermont County jail during the months of August, September, October and November 2002. Plaintiff believes that John Doe One may be an entity named Southern Health Partners, Inc.

9. Defendant Jane Doe One is an individual or entity, identity and address currently unknown to Plaintiff, who provided medical care to Plaintiff and/or owed a duty of providing medical care to Plaintiff in the Clermont County jail during the months of August, September, October and November 2002.

**OPERATIVE FACTS**

10. On or about June 29, 2002, Plaintiff Mark A. Henry was seriously injured in an automobile accident in Clermont County, Ohio. Among other injuries, Henry suffered multiple fractures in his right ankle and a serious right shoulder injury that he believed at the time included a torn right rotator cuff.

11. On or about August 5, 2002, Henry appeared for sentencing in the Clermont County Municipal Court for a probation violation. At the time, Henry was still suffering from serious medical conditions that included a post-surgery infection in his right ankle which, in combination with his right shoulder injury, made it difficult for Henry to ambulate even with the use of crutches.

12. At the sentencing hearing, after Henry was sentenced to

3

serve approximately 100 days of a previously suspended sentence, Henry strongly urged the Court to delay the beginning of his incarceration until after he was examined again by his orthopedic surgeon. Henry's surgeon had previously expressed a concern that the ankle infection could lead to an amputation of Henry's lower leg if not managed properly.

13. Both Henry's probation officer (Seth Cantwell) and the Assistant County Prosecutor assigned to Henry's case opposed any delay in Henry's incarceration. Prior to the sentencing hearing, Cantwell had stated to Henry's attorney that he (Cantwell) was not at all concerned that Henry's infection could lead to an amputation. In Cantwell's words, "It is the responsibility of the jail to provide any necessary medical care." After an extensive on-the-record discussion about Henry's condition, which included acknowledgments by the Assistant County Prosecutor and the judge that a medical furlough was available if outside medical care was required, Henry was required to begin his incarceration immediately.

14. On the *Medical History and Screening* questionnaire that Henry completed and signed in the county jail on August 5, 2002, he specifically stated that he was suffering from a broken ankle and a torn right rotator cuff. For the next 100 days thereafter, the Defendants properly managed Henry's ankle injury but totally neglected his right shoulder injury. As Henry hobbled around the jail on crutches for over three months, supporting himself each step on a shoulder so painful that he could not raise his hand to

4

his head, the Defendants offered no medical care or therapy for the shoulder. In fact, when Henry attempted to discuss his shoulder injury with Defendant Khan early in his incarceration, Khan told him that he (Henry) would have to see his own doctor about the shoulder injury after Henry was released from the jail.

15. Henry did indeed seek treatment from his own doctor after being released from jail, and endured on a painful therapy regimen in an attempt to regain some range of motion of the right shoulder. Although it was ultimately determined that Henry did not have a torn rotator cuff, Henry was, in the words of one doctor, "well on the way to having a frozen shoulder". Only after many painful therapy sessions with his own doctor did Henry finally begin to experience relief from the pain and an increased range of motion and use of his right arm.

16. Defendants' total neglect and deliberate indifference to Henry's right shoulder injury, in spite of their actual knowledge of it, was the direct and proximate cause of extreme pain and suffering endured by Henry as he rehabilitated the neglected shoulder in the months following his release.

17. Defendants' total neglect and deliberate indifference to Henry's right shoulder injury, in spite of their actual knowledge of it, was the direct and proximate cause of medical and therapy bills exceeding $5,000 that would not have otherwise been necessary had the shoulder received adequate care while Henry was under Defendants' care.

18. Defendants' total neglect and deliberate indifference to Henry's right shoulder injury, in spite of their actual knowledge of it, departed from accepted standards of medical care for someone in Henry's condition.

19. The County and its policy making officials, including but not limited to the county sheriff, had a constitutional duty to provide adequate medical care to inmates of the county jail. By delegating that duty away via contract to outside sources such as Dr. Khan and other yet-to-be-identified defendants, the County adopted the performance of those outside sources as its own and is liable for it, including but not limited to the total neglect and deliberate indifference to the proper care of Henry's shoulder injury. The County's official policies, customs, and/or practices of delegating medical care to outside sources is therefore the direct and proximate cause of Henry's injuries described herein.

20. On November 7, 2003, Henry hand delivered a letter to Defendants in compliance with R.C. §2305.11(E)(1), thereby extending the time limitation for filing a medical malpractice claim by 180 days.

### FIRST CAUSE OF ACTION

21. Plaintiff hereby incorporates by reference paragraphs one through twenty as if fully restated here, and further states the following.

22. The foregoing acts and omissions of the Defendants constitutes professional negligence and medical malpractice under Ohio law.

## SECOND CAUSE OF ACTION

23. Plaintiff hereby incorporates by reference paragraphs one through twenty-two as if fully restated here, and further states the following.

24. The foregoing acts and omissions were performed by Defendants under color of law, violated Plaintiff's clearly established rights under the Eighth Amendment to the United States Constitution, and thereby give rise to a valid claim for damages pursuant to 42 U.S.C. §1983.

**WHEREFORE**, Plaintiff Mark A. Henry prays for the following relief:

a) Compensatory damages against all Defendants, jointly and severally, in an amount not less than Twenty Five Thousand Dollars ($25,000);

b) Reasonable costs and attorney fees pursuant to 42 U.S.C. §1983 and as otherwise allowed by law; and,

c) For any and all other relief to which he may be entitled.

Respectfully submitted,

*Thomas W. Condit*
Thomas W. Condit (#0041299)
P.O. Box 275
Milford, Ohio  45150
(513) 965-9260
Trial Attorney for Plaintiff

### JURY DEMAND

Plaintiff Mark A. Henry hereby requests a trial by jury on all issues raised herein.

*Thomas W. Condit*
Thomas W. Condit, Attorney