UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK HENRY,

        Plaintiff,

   v.                                     Case No. C-1-04-320

CLERMONT COUNTY,
OHIO, et al.,

        Defendants.

### ORDER

This matter is before the Court upon defendant Rashin Khan, M.D.'s motion to dismiss the complaint (doc. 13). Plaintiff Mark Henry opposes the motion (doc. 14).

### I. Introduction

Plaintiff Mark Henry, a citizen of the State of Ohio, filed suit in the Clermont County, Ohio Court of Common Pleas against defendants Clermont County, the Clermont County Commissioners, Clermont County Sheriff Albert J. Rodenberg, Jr. and Rashin Khan, M.D., alleging violations of both federal and state law. Defendants removed the action to this Court. Dr. Khan filed a motion to dismiss the complaint on the grounds that the plaintiff has failed to allege an actionable claim, Dr. Khan is entitled to qualified immunity, and the Court does not have supplemental jurisdiction over the state medical malpractice claim.

## II. Factual allegations

The plaintiff makes the allegations set forth in this section of the Court's Order in the complaint. On or about June 29, 2002, the plaintiff was in a serious automobile accident that resulted in multiple fractures to his ankle and what he believed to be a torn rotator cuff. On or about August 5, 2002, the plaintiff appeared before the Clermont County Municipal Court for sentencing on a probation violation. The plaintiff was still suffering from the injuries he had sustained in the accident and was having difficulty moving around on crutches due to the shoulder injury. At the sentencing hearing, the plaintiff was ordered to serve 100 days from a previous suspended sentence. The plaintiff argued that the sentence should be postponed due to his injuries, especially since his ankle had become infected and might have to be amputated. However, after extensive on-the-record discussion, the court ordered the plaintiff to begin serving the sentence immediately.

Upon the plaintiff's arrival at the Clermont County Jail on August 5, 2002, the plaintiff completed the Medical History and Screening questionnaire provided to him. He indicated on the form that he was suffering from a broken ankle and a torn rotator cuff.

Defendant Dr. Rashin Khan was employed under a contract with Clermont County to provide medical care to inmates at the Clermont County Jail during the months that the plaintiff was incarcerated. Over the course of his incarceration, the plaintiff received adequate treatment from Dr. Khan for his broken ankle, which led to a complete healing of the ankle. The plaintiff informed the defendant about his shoulder injury but was told that he would have to see his own doctor after he was released. Dr. Khan did not provide any treatment for the plaintiff's shoulder during his incarceration, and, over time, the shoulder injury became so painful that plaintiff was

not able to lift his arm to his head.

After being released, the plaintiff sought medical treatment for his shoulder. He underwent painful physical therapy treatment and was able to obtain relief from the pain and to regain some range of motion in his shoulder. Though it was determined that the plaintiff had not suffered a torn rotator cuff, his doctor claimed that the plaintiff was "well on the way to having a frozen shoulder."

### III. Plaintiff's Claims

In his complaint, the plaintiff asserts two causes of actions against the defendants. In Count I, the plaintiff brings claims for professional negligence and medical malpractice under Ohio law against Dr. Khan. In Count II, the plaintiff brings a claim under 42 U.S.C. §1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment based on defendants' alleged refusal to provide medical treatment for the plaintiff's shoulder injury.

### IV. Standard of Review

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the non-moving party. ***Morgan v. Church's Fried Chicken,*** 829 F.2d 10, 12 (6th Cir. 1987). For purposes of the motion, the reviewing court must accept every allegation as true. ***Id.*** A court need not, however, accept as true legal conclusions or unwarranted factual inferences contained in the complaint. ***Id***. A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Conley v. Gibson,*** 355 U.S. 41, 45-46 (1957).

**A. Law governing Eight Amendment claim under 42 U.S.C. § 1983**

A claim under §1983 has two requirements: (1) state action (2) that deprived an individual of federal statutory or constitutional rights. *Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981)). The state action requirement is satisfied when the actions of a private actor are "fairly attributable to the state." *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992). The provision of medical services to an inmate by a private physician under contract to provide medical services to inmates may constitute state action fairly attributable to the state. *See West v. Atkins,* 487 U.S. 42, 55-56 (1988).

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It is well-settled that the conditions under which a prison inmate is confined and the treatment he receives while incarcerated are subject to Eighth Amendment scrutiny. *Helling v. McKinney,* 509 U.S. 25, 31 (1993). Once the state incarcerates a person against his will and restrains his liberty so that he is unable to care for himself, the Eighth Amendment imposes on the state and its agents a corresponding responsibility for the inmate's safety and well-being. *Id.* at 32. To establish a claim under the Eighth Amendment, a plaintiff must show that (1) the deprivation alleged is objectively "sufficiently serious" and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" arising from a state actor's "deliberate indifference" toward an inmate's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes,* 398 F.3d 868, 874 (6th Cir. 2005) (citing *Blackmore v. Kalamazoo County,* 390 F.3d 890, 899 (6th

Cir. 2004). An inmate may also establish a serious medical need by showing that a delay in treatment had a detrimental effect that was sufficiently serious as to rise to the level of a constitutional violation. ***Napier v. Madison County, Ky.,*** 238 F.3d 739, 742 (6th Cir. 2001).

To satisfy the state-of-mind component, the plaintiff must show deliberate indifference towards the inmate's health or safety. ***Farmer,*** 511 U.S. at 834. Deliberate indifference "entails something more than mere negligence." ***Id.*** at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." ***Id.*** at 837. "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." ***Horn v. Madison County Fiscal Court,*** 22 F.3d 653, 660 (6th Cir. 1994).

### B. Law of Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). The Sixth Circuit has identified a two-prong inquiry for evaluating a claim of qualified immunity: (1) whether a violation of a constitutional right has occurred, and (2) whether the right that was violated was a clearly-established right. ***LeMarbe v. Wisneski,*** 266 F.3d 429, 434 (6th Cir. 2001)(citing ***Saucier v. Katz,*** 533 U.S. 194, 121 S.Ct. 2151, 2155 (2001)).

### C. Resolution

Accepting the allegations of the complaint as true, and drawing all inferences in the plaintiff's favor, the Court finds that the plaintiff has stated a claim for relief under § 1983. Neither party has discussed whether Dr. Khan is a state actor, so the court will assume for

5

purposes of the motion to dismiss that Dr. Khan's actions are fairly attributable to the state and that the state action requirement is satisfied. The plaintiff has stated a claim for violation of his constitutional rights under the Eighth Amendment by alleging that Dr. Khan denied the plaintiff's reasonable request for medical care, and by alleging facts that permit an inference plaintiff had a serious medical need that was obvious and he was susceptible to undue suffering or threat of tangible residual injury. *See Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir. 1976). The plaintiff's allegations indicate that he suffered from a shoulder injury throughout his incarceration. The plaintiff states that he experienced shoulder pain while walking with crutches and that he had a near inability to lift his arm to his head during this time period. The plaintiff further alleges that, following his release from prison, he sought treatment from a physician who opined that plaintiff could have suffered a "frozen shoulder" as a result of not being treated for the shoulder injury while in prison. Although the complaint does not clearly articulate what a "frozen shoulder" is, one could infer that it connotes a loss of mobility of the shoulder. Based on these allegations, it appears that the plaintiff may be able to prove that his shoulder injury was sufficiently serious as to satisfy the objective component of his Eighth Amendment claim.

The plaintiff may also be able to prove that Dr. Khan had a "sufficiently culpable state of mind" so as to satisfy the subjective component of his Eighth Amendment claim. Upon his arrival at the jail, the plaintiff indicated on the Medical History and Screening questionnaire that he was suffering from both an ankle injury and a shoulder injury. It is reasonable to infer that Dr. Khan was aware of the information reported on the questionnaire. Further, the plaintiff claims that he discussed the shoulder injury with Dr. Khan and that Dr. Khan refused to provide any treatment for the injury. Thus, the plaintiff may be able to prove that Dr. Khan was aware of facts

from which an inference could be drawn that a substantial risk of serious harm existed and that Dr. Khan actually drew that inference.

The defendant has not shown that dismissal of the complaint on qualified immunity grounds is warranted. First, it does not appear that plaintiff will be unable to prove that an Eighth Amendment violation occurred. Second, the Eighth Amendment right asserted by plaintiff was clearly established at the time of his incarceration. Accordingly, the Court cannot find at this stage of the proceedings that Dr. Khan is entitled to qualified immunity on plaintiff's Eighth Amendment claim.

## V. Medical Malpractice Claim

Plaintiff seeks to have the Court exercise supplemental jurisdiction over his professional negligence and medical malpractice claim. Federal courts have the discretion to accept supplemental jurisdiction over a claim when the claim is "so related" to the claim over which the district court has original jurisdiction that the claims form part of the same controversy. 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim when the claim "substantially predominates" over the claim over which the court has original jurisdiction. 28 U.S.C. § 1367(c)(1).

The Court finds that plaintiff's medical malpractice claim predominates over his Eighth Amendment claim. The elements of a medical malpractice claim under Ohio law differ significantly from the elements of an Eighth Amendment claim. In order to establish a claim for medical malpractice under Ohio law, a plaintiff must establish "(1) that there existed a duty on behalf of the physician-defendant to the plaintiff; (2) the standard of care recognized by the medical community; (3) the failure of the defendant to meet that standard of care; and (4) a causal

link between the negligent act and the injuries sustained." ***Hinkle v. Cleveland Clinic Found*.**, 159 Ohio App.3d 351, 367, 823 N.E.2d 945, 958 (2004) (citing ***Bruni v. Tatsumi,*** 46 Ohio St.2d 127, 346 N.E.2d 673, syllabus ¶ 1 (1976). The Ohio Supreme Court in ***Bruni*** stated that the plaintiff is required to present expert testimony in order to establish the recognized standard of care. ***Bruni****,* 46 Ohio St.2d at 131-132, 346 N.E.2d 673. Plaintiff need not establish each of these same elements and present expert testimony as to the standard of care recognized by the medical community in order to prove his Eighth Amendment claim. Therefore, the Court declines to exercise supplemental jurisdiction over the medical malpractice claim and will dismiss that claim without prejudice.

### VI. Conclusion

In accordance with the foregoing, Dr. Khan's motion to dismiss is **DENIED** with respect to plaintiff's Eighth Amendment claim against him. The Court declines to exercise supplemental jurisdiction over plaintiff's professional negligence and medical malpractice claim brought against Dr. Khan under state law, and that claim is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT

J:\HJWA\04-320mtd8thaPUB.wpd